UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, NARCARCI FEASTER,
PLUMBERS LOCAL 75 HEALTH FUND,
PLUMBERS LOCAL 75 MARKET RECOVERY
FUND, PLUMBERS LOCAL 75 APPRENTICESHIP
TRAINING FUND, STEVE BREITLOW,
PLUMBERS LOCAL UNION 75,

          Plaintiffs,

     v.                                         Case No.  09-C-0828

FITS MECHANICAL CONTRACTORS INC.,
RANDALL G. ROMENS,

          Defendants.

**DECISION AND ORDER DENYING MOTION TO REOPEN CASE BY FITS MECHANICAL CONTRACTORS, INC. AND RANDALL ROMENS (DOC. # 23), GRANTING MOTION TO STRIKE DEFENDANT FITS MECHANICAL CONTRACTOR INC.'S MOTION TO REOPEN (DOC. #25), DENYING PLAINTIFFS' APPLICATION FOR ENTRY OF JUDGMENT AGAINST RANDALL G. ROMENS (DOC. #20), AND GRANTING PLAINTIFFS' APPLICATION FOR ENTRY OF JUDGMENT AGAINST FITS MECHANICAL CONTRACTORS INC. (DOC. # 12)**

On August 27, 2009, plaintiffs instituted this lawsuit against the defendants, Randall G. Romens (Romens) and FITS Mechanical Contractors, Inc. (FITS), alleging violations of the Labor-Management Relations Act of 1947, as amended, and the Employee Retirement Income Security Act of 1974, as amended, the effective collective bargaining agreements with the defendants and Wisconsin state law by failing to timely and promptly make contributions on behalf of their employees to the Plaintiff Funds.

Pursuant to Fed. R. Civ. P. 55(a), plaintiffs filed requests and supporting affidavits with the Clerk of Court on October 12, 2009, requesting that defaults be entered in their favor. Defaults were entered on October 14, 2009, inasmuch as the docket

indicates that both defendants failed to answer the complaint, file any responsive pleading or otherwise appear in this case.

Applications for default judgment were filed under Fed. R. Civ. P. 55(b), along with supplemental declarations with exhibits. Curiously, and prior to any court action on the application, on November 13, 2009, Romens filed a motion to reopen this case. Afterward, plaintiffs filed a motion to strike the motion to reopen as to FITS and a response opposing the motion to reopen as to Romens on December 11, 2009.

## MOTION TO REOPEN

Because the docket shows that this case remains open and judgment has not been entered, the court liberally construes Romens' motion to reopen the case as to him as a motion to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c). Rule 55(c) allows a court to set aside an entry of default for good cause. The Seventh Circuit Court of Appeals has stated that "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (citations omitted). In an earlier case, the Seventh Circuit stated that "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). This means that the good cause standard is easier to satisfy as used in this Rule than in Fed. R. Civ. P. 60(b). *See id.*

-2-

In the instant case, Romens[1] has shown good cause for his default. In his motion, Romens advised the court that he "was unable to make the court date because [he] had to work on an emergency plumbing job," that he "thought [he] had obtained legal assistance..., but the lawyer...terminated representation two days before the scheduled hearing."[2] Def.'s Mot. to Reopen (D.E. #23).

There is no indication that this defendant willfully disregarded his duty to answer the complaint in this case and while the argument can be made that he was careless or negligent in not doing so, the court is willing to cut this *pro se* defendant some slack. *SJ Properties Suites, et al. v. STJ, P.C., d/b/a Economou Partners, et al.*, 2009 WL 4640633, *6 ( E.D. Wis. Nov. 30, 2009) (citations omitted). Therefore, for the purposes of satisfying Rule 55(c), Romens had shown good cause.

The next step in the Rule 55(c) analysis is to determine whether the defendant took quick action to correct his default. As stated above, the Clerk entered the default on October 14, 2009, and Romens' motion to reopen his case was filed on November 13, 2009. This amounts to a delay of 30 days, or 27 days if the court accounts for mailing time. The length of this delay seems reasonable, especially for a *pro se* litigant. Therefore, this court finds that Romens has satisfied the second prong of the Rule 55(c) test by taking quick action to correct his default. *See Sims* (vacating default order after delay of five months); *SJ Properties Suites* (vacating default order after delay of three

---

[1] The court will not address the motion to reopen with respect to Defendant FITS Mechanical Contractors, Inc. - see below.

[2] It appears that Defendant Romens mistakenly believes that the twenty (20) day date stated on the Summons he received on September 9, 2009, was actually a date for a scheduled hearing and not the due date for the filing of his Answer.

-3-

weeks); *Cracco* (vacating default order after delay of eight days); *Wisconsin Carpenters Pension Fund v. Jokipii Demolition LLC*, 2007 WL 1308847 (E.D. Wis. May 2, 2007) (vacating default judgment pursuant to Rule 60(b) after delay of six months because the delay was less than the one year allowed by the rule).

The final determination the court must make under the Rule 55(c) test is whether Romens can show a meritorious defense to the complaint. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). However, even under this lenient standard, Romens cannot satisfy this prong of the test inasmuch as he admits that he is liable for the money alleged to be owed to the plaintiffs. He states, "I know that I owe this money. I want to pay my debt, but I cannot afford to pay it back within the 18-month time frame that the Plumbers Local 75 lawyer demanded. I do not want to violate a court order. I respectfully request to reopen my case and come to an acceptable agreement to repay my debt." Def.'s Mot. to Reopen (D.E. #23). Given these admissions, the court finds that Romens fails to satisfy the third prong of the Rule 55(c) test. Consequently, the court will not vacate the Clerk's entry of default.

## MOTION TO STRIKE

As stated above, it seems that Romens may be attempting to appear on behalf of himself and FITS. This he cannot do. Corporations "must appear by counsel or not at all." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). *See also Rowland v. Cal. Men's Colony, Men's Advisory Counsil,* 506 U.S. 194, 201-02

(1993); *Nocula v. USG Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). To the extent that Romens seeks to act on behalf of FITS, the court finds that plaintiffs are correct in their contention that the motion to reopen as to FITS must be stricken.

## APPLICATIONS FOR ENTRY OF JUDGMENT

Plaintiffs applied to the court for entry of default judgments against both defendants on October 12, 2009. Along with the applications, counsel for the plaintiffs filed supplemental declarations with exhibits. However, the submissions regarding Romens failed to demonstrate compliance with the Service Members Civil Relief Act (50 U.S.C. App. 511 et seq.) by presenting an affidavit with specific facts establishing whether or not the individual defendant is in military service or whether plaintiffs were unable to make that determination. Therefore,

IT IS ORDERED that Randall G. Romens' motion to reopen this case is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to strike FITS Mechanical Contractors, Inc.'s motion to reopen is granted.

IT IS FURTHER ORDERED that plaintiffs' application for default judgment against Randall G. Romens is denied without prejudice.

IT IS FURTHER ORDERED that plaintiffs' application for default judgment against FITS Mechanical Contractors, Inc. is granted.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE